**EXHIBIT B**

SEQ. NO. 2

PRESENT: HON. ~~JAIME A. RIOS~~ JEFFREY D. LEBOWITZ
JUSTICE OF THE SUPREME COURT

At a(n) I.A.S. Part 16 of the Supreme Court, held in and for the County of Queens at the Courthouse thereof, located at 88-11 Sutphin Boulevard, Jamaica, New York, on the 7th day of May, 2014.

-----------------------------------------------------------X

WELLS FARGO BANK, N.A.

          Plaintiff,

vs.

PREMLALL NANDKISHUR, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, ALICE NANDKISHUR,

          Defendant(s).

-----------------------------------------------------------X

**JUDGMENT OF FORECLOSURE AND SALE**

INDEX NO.: 11376/12

MORTGAGED PREMISES:
91-04 175TH STREET
JAMAICA, NY 11432

SBL #:
BLOCK 9809 LOT 64

ENTERED
2:17 __ AM/PM
MAY 15 2014
COUNTY CLERK
COUNTY OF QUEENS

ON the Summons, Complaint and Notice of Pendency of Action duly filed in this action in the Office of the ~~City Register of the City of New York~~ QUEENS COUNTY CLERK on the 30th day of May, 2012, and all proceedings had thereon; and upon reading and filing the Affirmation of Regularity of Gross Polowy Orlans, LLC, by Melissa M. Bundt, Esq., dated the 22nd day of ~~December, 2012~~ February, 2013, and the Affirmation for Judgment of Foreclosure and Sale, by Jason B. Desiderio, Esq., dated the 7th day of August, 2013, with exhibits annexed, showing that all of the Defendants herein have been duly served within this State with the Summons in this action, or have voluntarily appeared by their respective attorneys; and on the proof of service upon and appearance by the Defendant(s) herein heretofore filed in this action; and stating that more than the legally required number of days have elapsed since said Defendants were so served; and that none of the Defendants has served an Answer to said Complaint, nor has their time to do so been extended

1

FILED & RECORDED

MAY 15 2014

COUNTY CLERK
QUEENS COUNTY

Printed: 6/2/2014

and upon the affirmation of services and the attached affidavit of mailing reflecting compliance with CPLR 3215(g)(3)(iii) and that the Plaintiff has complied with New York law regarding RPAPL § 1304 and CPLR 3408 and

ON the Order of Reference dated the 2nd day of April, 2013 appointing Madaleine S. Egelfeld, Esq., as Referee in this action to ascertain and compute the amount due, and to examine the Plaintiff or its agents under oath as to the allegations contained in the Complaint and to examine and report whether the mortgaged premises should be sold in one or more parcels; and on reading and filing the Oath and Report of the aforesaid Referee sworn to and dated the 23rd day of May, 2013, it appears that the sum of $230,718.29 was due the Plaintiff, as of the 2nd day of September, 2012, plus a per diem interest for every day thereafter, on the date of said report and that the mortgaged premises should be sold in one parcel, and after due deliberation having been had thereon; and upon reading and filing the decision of the Court dated  November 20, 2013 .

NOW, upon motion of Gross Polowy Orlans, LLC, the attorney(s) for the Plaintiff, it is

ORDERED, ~~ADJUDGED AND DECREED~~, that the motion is granted, without opposition, and it is further

ORDERED, ADJUDGED AND DECREED, that the report of Madaleine S. Egelfeld, Esq. dated the 23rd day of May, 2013, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged premises, described in the Complaint in this action, and hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt under the note and mortgage, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one

parcel, at public auction <u>at the Queens County Courthouse in Courtroom # 25 on a Friday at 10:00 A.M 88-11 Sutphin Boulevard, Jamaica, New York</u> by and under the direction of Madaleine S. Egelfeld, Esq., who is hereby appointed Referee for that purpose; in the absence of the designated Referee, the Court will designate a substitute Referee forthwith; that said Referee give public notice of the time and place of such sale in accordance with law, practice of this Court and R.P.A.L. sec. 231 in <u>41-02 Bell Blvd, Bayside NY 11361</u> [Jamaica Times] (718) 229-0300 : and that the Plaintiff or any other party to this action may become the purchaser or purchasers at the said sale; that in case the Plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such a sale a deed of the premises sold; that in the event a party other than the Plaintiff becomes the purchaser or purchasers at such sale, they shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

[NEWSPAPER] (margin note)

ORDERED, ADJUDGED AND DECREED, that said Referee, upon receiving the proceeds of the sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, [including any and all transfer taxes] sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully have accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee then deposit the balance of said proceeds of sale in her own name as Referee in <u>SIGNATURE BANK 89-36 Sutphin Blvd, Jamaica, NY 11435</u>, and shall thereafter make the following payments and her checks drawn for that purpose shall be paid by said depository:

[BANK] (margin note)

3

FIRST: The statutory fees of said Referee, Madaleine S. Egelfeld, Esq. in the sum of $500.00.

ORDERED that in the event the property is sold for $50,000 or more, the plaintiff shall pay to the Referee, pursuant to CPLR § 8003(b), an additional $500.00 for a total of $1,000.00

SECOND: ~~There were no additional~~ and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

THIRD: Said Referee shall also pay to the Plaintiff or Plaintiff's attorney, the sum of $ ~~2,195.31~~ C.C. to be determined by the Clerk and adjudged to the Plaintiff for costs and disbursements in this action to be taxed by the Clerk and inserted herein, with interest thereon from the date hereof; together with an additional allowance of $0.00 hereby awarded to the Plaintiff in addition to costs, with interest thereon from the date hereof, and also the sum of $230,718.29 the said amount so reported due as aforesaid, together with interest thereon from the 2nd day of September, 2012 the date interest was calculated to in said report, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with any advances necessarily paid by the Plaintiff for taxes, fire insurance, principal and interest to prior mortgages to preserve and or maintain the premises not previously included in any computations, upon presentation of receipts for said expenditures to the Referee, together with $ 1,850.00 COURT hereby awarded to the Plaintiff as reasonable legal fees herein, together with any advances as provided for in the note and mortgage, which Plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation and upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage.

(margin annotations: ATTY FEES; COURT; J.S.C.)

4

FOURTH: If such Referee intends to apply for a further allowance for her fee, she may leave upon deposit of such amount as will cover such additional allowance, to await the further order of the Court thereon, after application duly made upon due notice to those parties entitled thereof.

That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchasers at said and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at the sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amount as specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, sewer rents and water rates, with interest and penalties thereon, or, in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the Plaintiff for Referee's fees, advertising expenses, taxes, assessments, sewer rents and water rates shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the Plaintiff as specified in item marked "THIRD"; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's Deed, the amount of such surplus; that said Referee, upon receiving said several amounts from the Plaintiff, shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance.

5

That said Referee take the receipt of the Plaintiff, or attorneys for the Plaintiff, for the amounts paid as directed in item "THIRD" above, and file it with her report of sale; that she deposit the surplus monies, if any, with Queens County Clerk within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on an order by the Court, signed by a Justice of the Court. The Referee shall make her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Queens County Clerk within thirty days after completing the sale and executing the proper conveyance to the purchaser, and that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs as aforesaid, the said Referee shall specify the amount of such deficiency in her report of sale; that the Plaintiff shall recover from the Defendant, PREMLALL NANDKISHUR, the whole deficiency or so much thereof as this Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at such sale be let into possession of the premises on production or delivery of the Referee's deed or deeds; and it is further

ORDERED AND ADJUDGED that in the event a scheduled sale is cancelled or postponed, pursuant to CPLR §8003(a), plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the Defendant(s) in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest, and equity of redemption in said mortgaged premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violation of same; any rights of occupants or persons in possession of the subject premises; prior liens of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from the date of sale; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee appointed herein is subject to the requirements of Rule 36.2 (c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

ORDERED, ADJUDGED AND DECREED, that a copy of this Judgment with Notice of Entry shall be served upon the owner of the equity of redemption, any occupants named in this action and any other party entitled to notice.

Said premises commonly known as 91-04 175TH STREET, JAMAICA, NY 11432. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A."

~~Dated:~~ _____
~~Jamaica, New York~~

ENTER:

_____
~~Hon. Jaime A. Rios~~
Justice of the Supreme Court
**HON. JEFFREY D. LEBOWITZ**

This order is signed pursuant to the provisions of the C.P.L.R. 9002.

_____
CLERK

ENTERED
2:59 AM/PM
MAY 15 2014
COUNTY CLERK
COUNTY OF QUEENS

FILED & RECORDED
MAY 15 2014
COUNTY CLERK
QUEENS COUNTY

8